No. 86-561

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

IN THE MATTER OF THE MENTAL
HEALTH OF R.J.W., Respondent.

_____

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of McCone,
The Honorable R.C. McDonough, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Allen Smith, Jr., Warm Springs, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
George Schunk, Asst. Atty. General, Helena, Montana
Arnie A. Hove, County Attorney, Circle, Montana

_____

Submitted on Briefs: Feb. 5, 1987

Decided: April 16, 1987

Filed: APR 16 1987

_____
Clerk

Mr. Justice William E. Hunt, Sr. delivered the Opinion of the Court.

RJW appeals an order from the Seventh Judicial District Court ordering his involuntary commitment to the Montana State Hospital.

We affirm the commitment.

The issues on appeal are:

1. Whether there is sufficient evidence to support the finding of the District Court that appellant is seriously mentally ill.

2. Whether the District Court's findings are adequate under § 53-21-127(2)(c), MCA.

Criminal proceedings were initiated in McCone County alleging RJW committed aggravated assault and carried a concealed weapon. The incident precipitating these charges occurred on May 11, 1986. The appellant, RJW, was walking down a street in Circle, Montana, when he was approached by his landlord, James Rau, and his landlord's wife, Eileen Rau, in their pick-up truck. James Rau made an adamant demand for overdue rent money and an argument ensued. The appellant attempted to unbutton his coat to show his landlord that he had a weapon. The weapon RJW was carrying under his coat is disputed. RJW testified at his commitment hearing that it was a Bowie knife or a "folding knife." The information filed by the county attorney charged that RJW was carrying a pistol underneath his coat which he reached for, causing reasonable apprehension of bodily injury in James Rau and Eileen Rau. RJW was charged and arrested at his home later that day.

On motion of the county attorney, a psychiatric evaluation was conducted on the appellant at the Montana State Hospital. A report summarizing that evaluation was completed by Dr. John Van Hassel. That report, dated July 29, 1986, concluded:

> In summary, it is the staff's opinion that the patient does suffer from a mental disease or defect, namely chronic paranoid schizophrenia. As a result of this disorder, it is the staff's opinion that he does not have the capacity to understand the proceedings against him nor to assist in his own defense. Further, the staff believes that it is unlikely that he is capable of having a particular state of mind which is an element of the offense charged. That is, he is considered incapable of acting with knowledge and purpose because of the mental disorder.

The diagnosis reached by Dr. Van Hassel was based in part on psychological observations contained in his report.

Following receipt of the report by the District Court, the county attorney petitioned that appellant be declared seriously mentally ill within the definition of § 53-21-102(4), MCA, and the criminal charges were dismissed.

A hearing on the petition was held on August 14, 1986. Dr. John Van Hassel, McCone County Sheriff Robert Jensen and RJW testified. The report of Dr. Van Hassel was admitted into evidence.

Dr. Van Hassel, a clinical psychologist at the Montana State Hospital and licensed professional person, testified that RJW was suffering from a mental disorder, chronic paranoid schizophrenia, which "is characterized not so much by general deterioration of his thought processes, but is characterized by a very elaborate and pronounced delusional system." Dr. Van Hassel expressed his opinion that RJW was an imminent threat to others, particularly persons who challenge his alleged delusion about a trust fund. Dr. Van

- 3 -

Hassel testified that RJW becomes angry and verbally hostile when his delusion is challenged. Dr. Van Hassel further testified that RJW had not made "a specific threat to harm anyone."

Robert Jensen, McCone County Sheriff, also testified at the hearing. He testified that he had served eviction papers to RJW and that RJW had a revolver in his possession when he was arrested at his home on the criminal charges. Sheriff Jensen further testified that RJW had made no specific threats against anyone on either of the above occasions.

Upon the conclusion of Sheriff Jensen's testimony, the District Court denied RJW's motion to dismiss the petition. RJW then testified on his own behalf.

He testified that he had not threatened any person. When questioned as to whether he would harm someone who lied to him about his finances, he replied that he would raise his voice and call the person a liar.

When questioned about the incident that precipitated his arrest, RJW testified that he did not have a gun with him. He testified that he had a knife on his belt, but that he had not threatened the landlord with it, and that he had in fact stepped back away from the landlord's truck because the conflict was escalating. When asked to clarify his response to a hypothetical question about whether he would harm someone, RJW testified that the person "would have to be, you know, confronting me and be specific about it."

The court questioned RJW extensively about the existence of his alleged trust fund and ranch. The court learned that the appellant had previously accused his brother of attempting to poison him with rattlesnake venom contained in a sealed beer can, that one revolver had been taken away from him while he was living in Texas, and that the appellant had

- 4 -

purchased another pistol after he allegedly had a beer spiked with drugs or poison.

The court concluded that RJW was seriously mentally ill and posed an imminent threat to himself and others. The appellant was involuntarily committed to the Montana State Hospital following a discussion of less restrictive alternatives.

RJW appeals this involuntary commitment order. He argues that the testimony shows that while he may have become angry and verbally hostile he did not commit overt acts which harmed anyone. RJW claims that when asked specific questions pertaining to specific persons and incidents, his testimony shows no evidence of threats or attempts to harm thus no overt acts occurred as required for a finding of serious mental illness.

Appellant claims there simply was not sufficient evidence to support a finding that he was seriously mentally ill as defined in § 53-21-102, MCA.

Section 53-21-102(14), MCA, defines "seriously mentally ill" to mean a person is suffering from a mental disorder which has resulted in self-inflicted injury or injury to others or the imminent threat thereof or which has deprived the person afflicted of the ability to protect his life and health.

Specifically, in order to commit someone, the State must prove:

(a) the respondent is suffering from a mental disorder; and

(b) the mental disorder has resulted in self-inflicted injury or injury to others or the imminent threat thereof or has deprived the person afflicted of the ability to protect his life or health.

Section 53-21-126(4), MCA.

Upon review this Court must evaluate whether these statutory standards were met by the State as found by the District Court.

RJW concedes that he suffers from a mental disorder under § 53-21-126(4)(a), MCA, but he argues the State did not produce adequate evidence that one of the three possible statutory criteria resulted because of the mental disorder.

The standard of proof is set forth in § 53-21-126(2), MCA.

> The standard of proof in any hearing held pursuant to this section is proof beyond a reasonable doubt with respect to any physical facts or evidence and clear and convincing evidence as to all other matters, except that mental disorders shall be evidenced to a reasonable medical certainty. Imminent threat of self-inflicted injury or injury to others shall be evidenced by overt acts, sufficiently recent in time as to be material and relevant as to the respondent's present condition.

On appeal this Court will look to the sufficiency of the evidence in reviewing this civil proceeding and will view the evidence in a light most favorable to the prevailing party. Lima School District No. 12 and Elementary School District of Beaverhead County v. Simonsen (Mont. 1984), 683 P.2d 471, 41 St.Rep. 944.

We note that

> . . . the law does not require proof beyond a reasonable doubt that an injury will occur in the future . . . The law requires only proof beyond a reasonable doubt that the threat of future injury presently exists and that the threat is imminent . . .

Matter of F.B. (Mont. 1980), 615 P.2d 867, 869, 37 St.Rep. 1442, 1445.

A careful review of the record indicates there was sufficient evidence on which the lower court could base a

- 6 -

finding of serious mental illness. Among other evidence, the psychologist's report and defendant's own testimony are very revealing. The statute does not require a court wait until a person such as RJW takes the next step in a paranoid delusional scheme of reality and actually uses weapons owned by him against others.

The trial court had the benefit of observing the demeanor and weighing the credibility of all the witnesses at the hearing. Since sufficient evidence existed on the record, this Court will defer to the decision of the District Court on this issue and uphold the finding that RJW is seriously mentally ill.

Appellant next contends that the District Court erred by not entering into the record a detailed statement of the facts upon which it found the appellant to be seriously mentally ill.

The statute governing civil commitment states that "[t]he court shall enter into the record a detailed statement of the facts upon which it found the respondent to be seriously mentally ill." Section 53-21-127(2)(c), MCA. The Montana Rules of Civil Procedure state that "the court shall find the facts specially" by oral statement and recording thereof in open court or by adopting the proposed findings of any party. Rule 52(a), M.R.Civ.P.

In this case the court found that "the respondent is seriously mentally ill and is an eminent (sic) threat to himself and especially others." The findings of fact signed by the District Court state "[t]hat based upon the testimony and the reports and pleadings on file [RJW] is seriously mentally ill."

We do not believe this finding was a detailed statement of the facts as contemplated by § 53-21-127(2)(c), MCA. No particular testimony or facts were referenced. Even though

the transcript indicated the mental disorder resulted in imminent threat to appellant and others, the findings of fact failed to indicate which particular portion of § 53-21-126(4)(b) was relied on for its determination of "seriously mentally ill."

Given the detail in the record as a whole, we find that this was harmless to appellant under the facts here. Future findings of fact should more carefully detail the factual basis on which a finding of serious mental illness is premised.

The decision of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

- 8 -