No. 87-333

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

IN THE MATTER OF T.J.F.,
Respondent.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Terry L. Seiffert argued, Billings, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Betsy Brandborg argued, Asst. Atty. General, Helena
Harold Hanser, County Attorney; Curtis Bevolden,
Deputy County Attorney, Billings, Montana

For Amicus Curiae:

Allen Smith, Jr. argued for Mental Disabilities Board
of Visitors, Warm Springs, Montana

_____

Submitted: December 3, 1987

Decided: December 22, 1987

Filed: DEC 22 1987

Ethel M. Harrison
_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

A youth, T.J.F., appeals from an order of the District Court, Thirteenth Judicial District, County of Yellowstone, committing him to continued treatment of up to 3 months to Rivendell of Billings, Inc., a lock-up treatment facility for mentally disturbed youths. The Legal Services Program of Warm Springs has filed an amicus brief. The youth, T.J.F., has been discharged from custody and we therefore dismiss this case on the grounds of mootness.

Appeal dismissed.

We cannot let this case be dismissed without commenting on the facts that gave rise to this appeal. The appellant has alleged serious procedural errors committed by the State. The commitment procedure is governed by § 53-21-101, et seq. MCA. These statutes are clear and must be strictly adhered to. Although we do not pass upon the validity of the appellant's claims today, we will not hesitate to do so in future cases where there are allegations of procedural abuses, whether moot or not.

Issues of the appellant are as follows:

1. Did the District Court err by not dismissing the petition for commitment on grounds of procedural defect?

2. Was there sufficient evidence to find that T.J.F. was mentally ill to a reasonable medical certainty?

3. Was there sufficient evidence to find that T.J.F. was a danger to himself or others?

4. Did the District Court err when it based its order on a medical report not in evidence?

The appellant, T.J.F. was committed to the Rivendell facility for mentally disturbed youths on April 13, 1987.

T.J.F. is a 12 year old male. On July 1, 1987, a petition for extension of commitment was filed by the deputy county attorney. Because the petition was not filed within the statutory time frame, appellant made a motion to dismiss on procedural grounds at the hearing. This motion was never ruled on but on July 8, 1987, the deputy county attorney filed a petition for commitment supported by a June 23 medical report by T.J.F.'s psychiatrist, Dr. Newman. T.J.F. again made a motion to dismiss because no request for commitment had been filed as required by statute and because the appellant had not been advised of his rights prior to the June 23 exam. The District Court ordered that a psychiatrist examine T.J.F. No examination was ever given pursuant to this order.

Without ruling on the motion to dismiss (which went unopposed by the State), the court held a hearing. John Kiedrowski, a certified mental health professional at Rivendell, testified that through his daily contact with T.J.F., he felt that T.J.F. was seriously mentally ill and believed that if placed back in his home he would be dangerous to younger children owing to a past history of abuse. Kiendrowski is neither a psychiatrist nor a psychologist but holds a degree in personnel guidance. No personal evaluation of T.J.F. was made nor was any report written. Kiendrowski testified that he concurred with Dr. Newman's June 23 report. The report, however, was never introduced into evidence and Dr. Newman did not testify. Kiendrowski further testified that T.J.F. had not been violent while at Rivendell but had made threats about getting back at people.

The Court ordered that T.J.F. be committed and attached Dr. Newman's June 23 report to its findings of fact. It is from this order that appellant appeals.

- 3 -

It is unnecessary to address the appellant's arguments because we hold that the case before us today is moot. Moot questions may not be addressed by this Court. State ex rel. Miller v. Murray (1979), 183 Mont. 499, 503, 600 P.2d 1174, 1176. We defined a moot question in Murray as "one which existed once but because of an event or happening, it has ceased to exist and no longer presents an actual controversy." 600 P.2d at 1176. A case will become moot for the purpose of an an appeal "where by a change of circumstances prior to the appellate decision the case has lost any practical purpose for the parties, for instance where the grievance that gave rise to the case has been eliminated . . .." 5 Am.Jur.2d, § 762, Appeal and Error (1962).

Since this action arose, T.J.F. has been released from the Rivendell facility. There is no longer any actual controversy.

Dismissed on grounds of mootness.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

- 4 -

_L. C. Gullbrandson_

Justices