IN THE MATTER OF THE MENTAL HEALTH OF S.J., RESPON-
DENT AND APPELLANT. IN THE MATTER OF T.F., RESPONDENT
AND APPELLANT.

No. 87-391, 87-537.
Submitted on Briefs March 3, 1988.
Decided April 11, 1988.
753 P.2d 319.

Allen Smith, Jr., Mary Gallagher, Warm Springs, for respondents
and appellants.

Mike Greely, Atty. Gen., Helena, Robert F. Smith, Asst. Atty.
Gen., Ted O. Lympus, Co. Atty., Kalispell, for the State.

MR. CHIEF JUSTICE TURNAGE delivered the Opinion of the
Court.

S. J. and T. F. appeal separate orders of the Eleventh Judicial District Court, Flathead County, involuntarily committing appellants to Warms Springs State Hospital.

On February 23, 1988, we granted the State's motion to consolidate the appeals of S.J. and T.F. Neither party disputes the facts surrounding this appeal.

On August 8, 1987, appellant S.J. was detained pursuant to a mental health hold. Section 53-21-129, MCA. On August 8 and again on August 10, 1987, a psychologist, Dr. Mary K. Kunde, examined S.J. and determined that S.J. was seriously mentally ill but not a danger to herself or others. On August 12, 1987, Dr. Kunde again evaluated S.J. and found S.J. to be seriously mentally ill and "unable to protect her life or health in the community." Dr. Kunde recommended involuntary commitment. Subsequently, the State filed a petition for involuntary commitment.

On August 13, 1987, S.J.'s court-appointed attorney, Robert B. Allison, and S.J.'s friend, Gary G. Doran, waived S.J.'s right to a formal court hearing. Section 53-21-119, MCA. The District Court, after considering Dr. Kunde's evaluation and the above-mentioned written waiver, found S.J. to be seriously mentally ill and ordered her involuntarily committed to Warm Springs State Hospital.

On October 26, 1987, appellant T.F. was also detained pursuant to a mental health hold. Section 53-21-129, MCA. on October 27, 1987, Dr. Kunde evaluated appellant and determined that T.F. was not seriously mentally ill and did not appear to be an imminent threat of danger to herself or others.

On October 28, 1987, T.F. was again detained pursuant to a mental health hold. Dr. Kunde evaluated appellant and determined that T.F. was seriously mentally ill and appeared to be an imminent threat of danger to herself. Dr. Kunde recommended involuntary commitment. Subsequently, the State filed a petition for involuntary commitment.

On October 29, 1987, the District Court appointed Robert B. Allison attorney for appellant and Patrick D. Sherlock friend of appellant. Sections 53-21-116 and -122, MCA. Subsequently, Allison and Sherlock waived T.F.'s right to a formal hearing. Section 53-21-119, MCA. On October 30, 1987, the District Court, after considering Dr. Kunde's evaluations and the written waiver, found T.F. seriously mentally ill and involuntarily committed T.F. to the Warm Springs State Hospital.

On appeal, T.F. and S.J. alleged the District Court committed pro-

cedural errors which require the reversal of their respective involuntary commitment orders. We agree.

Additionally, appellants raise two constitutional issues. Because we are reversing on statutory grounds, we decline to address appellants' constitutional claims. *Taylor v. Taylor* (1975), 167 Mont. 164, 168, 537 P.2d 483, 485.

Previously, we held that Montana's civil commitment laws are to be strictly followed. *In the Matter of T.J.F.* (Mont. 1987), [229 Mont. 473,] 747 P.2d 1356, 1357, 44 St.Rep. 2145, 2146; *In the Matter of the Mental Health of R.J.W.* (Mont. 1987), [226 Mont. 419,] 736 P.2d 110, 113, 44 St.Rep. 770, 774. The statutes at issue, Section 53-21-119 and Section 53-21-127, MCA, provide in pertinent part:

"53-21-119. *Waiver of rights.* (1) A person may waive his rights, or if the person is not capable of making an intentional and knowing decision, *these rights may be waived by his counsel and friend of respondent acting together if a record is made of the reasons for the waiver.* The right to counsel may not be waived. The right to treatment provided for in this part may not be waived.

"(2) *The right of the respondent to be physically present at a hearing may also be waived* by his attorney and the friend of respondent with the concurrence of a professional person and the judge *upon a finding supported by facts* that:

"(a) the presence of the respondent at the hearing would be likely to seriously adversely affect his mental condition; and

"(b) an alternative location for the hearing in surroundings familiar to the respondent would not prevent such adverse effects on his mental condition. [Emphasis added.]

". . .

"53-21-127. *Post-trial disposition.*

". . .

"[2(c)] . . . The court shall consider and shall describe in its order what alternatives for treatment of the respondent are available, what alternatives were investigated, and why the investigated alternatives were not deemed suitable. *The court shall enter into the record a detailed statement of the facts upon which it found the respondent to be seriously mentally ill.* [Emphasis added.]"

Appellants allege and the State of Montana concedes the following procedural errors: (1) The District Court failed to make a record of appellants' waivers of a formal hearing, Section 53-21-119, MCA, and (2) the District Court failed to make a record of its finding of serious mental illness.

Appellants also allege the District Court erred when it failed to make a record: (1) that appellants were served with notice of the pending civil commitment proceedings, Sections 53-21-114, -115, and -121, MCA; (2) that appellants appeared at an initial appearance and were advised of their rights, Section 53-21-122, MCA; (3) that Gary G. Doran was appointed friend of respondent, S.J., Section 53-21-122, MCA; (4) that Dr. Mary Kunde was a certified "professional person", Section 53-21-105, MCA; and (5) that Dr. Kunde examined appellants and submitted a written report, Section 53-21-123, MCA.

The State contends that establishment of a contemporaneous record is not required by Sections 53-21-105, -106, -114, -121, -122 and -123, MCA. Therefore, an evidentiary hearing is necessary to establish violations, if any, of these statutes. We agree with the State's contention that a contemporaneous record is not required by these statutes. However, the District Court is required to note in its order of involuntary commitment that appellants have received the benefit of all applicable statutory and constitutional rights. In the case at bar, the record is bare of whether appellants received the benefits of these rights.

Therefore, we reverse the order of the District Court and order the District Court to make a contemporaneous record as required by Sections 53-21-119(1) and (2) and 53-21-127(2)(c), MCA. Additionally, we remand this cause and order the District Court to determine the validity of appellants' *contested* allegations of procedural errors and so indicate in its findings and order.

Reversed and remanded.

MR. JUSTICES HARRISON, SHEEHY, WEBER, GULBRANDSON, HUNT and McDONOUGH concur.