Nos. 87-391 and 87-537

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

IN THE MATTER OF THE MENTAL HEALTH
OF S. J.,                                          87-391

        Respondent and Appellant.

        * * * * * * * * * *

IN THE MATTER OF T. F.,                            87-537

        Respondent and Appellant.

APPEAL FROM: District Court of the Eleventh Judicial District,
             In and for the County of Flathead,
             The Honorable Leif B. Erickson, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Allen Smith, Jr., Warm Springs, Montana
                Mary Gallagher, Warm Springs, Montana

        For Respondent:

                Honorable Mike Greely, Attorney General, Helena, Montana
                Robert F. Smith, Assistant Attorney General
                Ted O. Lympus, County Attorney, Kalispell, Montana

                Submitted on Briefs: March 3, 1988

                Decided: April 11, 1988

Filed:   APR 1 1 1988      *Ethel M. Harrison*
                    _____
                              Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

S. J. and T. F. appeal separate orders of the Eleventh Judicial District Court, Flathead County, involuntarily committing appellants to Warms Springs State Hospital.

On February 23, 1988, we granted the State's motion to consolidate the appeals of S. J. and T. F. Neither party disputes the facts surrounding this appeal.

On August 8, 1987, appellant S. J. was detained pursuant to a mental health hold. Section 53-21-129, MCA. On August 8 and again on August 10, 1987, a psychologist, Dr. Mary K. Kunde, examined S. J. and determined that S. J. was seriously mentally ill but not a danger to herself or others. On August 12, 1987, Dr. Kunde again evaluated S. J. and found S. J. to be seriously mentally ill and "unable to protect her life or health in the community." Dr. Kunde recommended involuntary commitment. Subsequently, the State filed a petition for involuntary commitment.

On August 13, 1987, S. J.'s court-appointed attorney, Robert B. Allison, and S. J.'s friend, Gary G. Doran, waived S. J.'s right to a formal court hearing. Section 53-21-119, MCA. The District Court, after considering Dr. Kunde's evaluation and the above-mentioned written waiver, found S. J. to be seriously mentally ill and ordered her involuntarily committed to Warm Springs State Hospital.

On October 26, 1987, appellant T. F. was also detained pursuant to a mental health hold. Section 53-21-129, MCA. On October 27, 1987, Dr. Kunde evaluated appellant and determined that T. F. was not seriously mentally ill and did not appear to be an imminent threat of danger to herself or others.

On October 28, 1987, T. F. was again detained pursuant to a mental health hold. Dr. Kunde evaluated appellant and

2

determined that T. F. was seriously mentally ill and appeared to be an imminent threat of danger to herself. Dr. Kunde recommended involuntary commitment. Subsequently, the State filed a petition for involuntary commitment.

On October 29, 1987, the District Court appointed Robert B. Allison attorney for appellant and Patrick D. Sherlock friend of appellant. Sections 53-21-116 and -122, MCA. Subsequently, Allison and Sherlock waived T. F.'s right to a formal hearing. Section 53-21-119, MCA. On October 30, 1987, the District Court, after considering Dr. Kunde's evaluations and the written waiver, found T. F. seriously mentally ill and involuntarily committed T. F. to the Warm Springs State Hospital.

On appeal, T. F. and S. J. allege the District Court committed procedural errors which require the reversal of their respective involuntary commitment orders. We agree.

Additionally, appellants raise two constitutional issues. Because we are reversing on statutory grounds, we decline to address appellants' constitutional claims. Taylor v. Taylor (1975), 167 Mont. 164, 168, 537 P.2d 483, 485.

Previously, we held that Montana's civil commitment laws are to be strictly followed. In the Matter of T.J.F. (Mont. 1987), 747 P.2d 1356, 1357, 44 St.Rep. 2145, 2146; In the Matter of the Mental Health of R.J.W. (Mont. 1987), 736 P.2d 110, 113, 44 St.Rep. 770, 774. The statutes at issue, § 53-21-119 and § 53-21-127, MCA, provide in pertinent part:

> 53-21-119. _Waiver of rights._ (1) A person may waive his rights, or if the person is not capable of making an intentional and knowing decision, _these rights may be waived by his counsel and friend of respondent acting together if a record is made of the reasons for the waiver_. The right to counsel may not be waived. The right to treatment provided for in this part may not be waived.

3

(2) The right of the respondent to be physically present at a hearing may also be waived by his attorney and the friend of respondent with the concurrence of a professional person and the judge upon a finding supported by facts that:

(a) the presence of the respondent at the hearing would be likely to seriously adversely affect his mental condition; and

(b) an alternative location for the hearing in surroundings familiar to the respondent would not prevent such adverse effects on his mental condition. [Emphasis added.]

. . .

53-21-127.    Post-trial    disposition.
. . .

[2(c)]  . . . The court shall consider and shall describe in its order what alternatives for treatment of the respondent are available, what alternatives were investigated, and why the investigated alternatives were not deemed suitable. The court shall enter into the record a detailed statement of the facts upon which it found the respondent to be seriously mentally ill. [Emphasis added.]

Appellants allege and the State of Montana concedes the following procedural errors:  (1) The District Court failed to make a record of appellants' waivers of a formal hearing, § 53-21-119, MCA, and (2) the District Court failed to make a record of its finding of serious mental illness.

Appellants also allege the District Court erred when it failed to make a record: (1) that appellants were served with notice of the pending civil commitment proceedings, §§ 53-21-114, -115, and -121, MCA; (2) that appellants appeared at an

4

initial appearance and were advised of their rights, § 53-21-122, MCA; (3) that Gary G. Doran was appointed friend of respondent, S.J., § 53-21-122, MCA; (4) that Dr. Mary Kunde was a certified "professional person", § 53-21-105, MCA; and (5) that Dr. Kunde examined appellants and submitted a written report, § 53-21-123, MCA.

The State contends that establishment of a contemporaneous record is not required by §§ 53-21-105, -106, -114, -121, -122 and -123, MCA. Therefore, an evidentiary hearing is necessary to establish violations, if any, of these statutes. We agree with the State's contention that a contemporaneous record is not required by these statutes. However, the District Court is required to note in its order of involuntary commitment that appellants have received the benefit of all applicable statutory and constitutional rights. In the case at bar, the record is bare of whether appellants received the benefits of these rights.

Therefore, we reverse the order of the District Court and order the District Court to make a contemporaneous record as required by §§ 53-21-119(1) and (2) and 53-21-127(2)(c), MCA. Additionally, we remand this cause and order the District Court to determine the validity of appellants' contested allegations of procedural errors and so indicate in its findings and order.

Reversed and remanded.

J. A. Turnage
Chief Justice

5

We concur:

_John Conway Harrison_

_John C. Sheehy_

_[signature]_

_R. C. Gulbrandson_

_William E. Hunt Sr._

_R. C. McDonough_
Justices