No.   92-223

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN  THE MATTER OF J. A.,
        A Youth.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Big Horn,
               The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Chris J. Nelson, Nelson & Gai, Billings, Montana

        For Respondent:

            Hon. Marc Racicot, Attorney General, Patricia J.
            Jordan, Assistant Attorney General, Helena, Montana
            Christine Cooke, Big Horn County Attorney, Donna K.
            Heffington, Deputy County Attorney, Hardin, Montana

FILED

NOV 12 1992

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   October 22, 1992

Decided:   November 12, 1992



Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

J.A. appeals from an order of the Youth Court transferring prosecution to the District Court of the Thirteenth Judicial District, Big Horn County, Montana. We affirm.

The sole issue on appeal is whether the Youth Court erred in finding probable cause to believe that the alleged offense was committed in an aggressive manner.

On February 11, 1991, appellant J.A. and three other youths were at the abandoned sugar factory in Hardin, Montana. J.A. and his friend Jace Rogers had .22 caliber rifles with them and they were shooting pigeons and other objects in the building. Neither Ben Arbogast, J.A.'s cousin, nor Billy Orthman had guns. J.A.'s weapon was defective; it would discharge even with the safety on.

Billy found a can of peanuts in the building and began eating the peanuts. J.A. requested the peanuts and moved toward Billy while carrying the gun. The evidence is conflicting as to subsequent events, but it is clear that the rifle discharged into Billy's abdomen. Billy died at Saint Vincent Hospital in Billings later the same day.

The State of Montana filed a petition alleging that J.A. was a delinquent youth and that he committed an offense which, if committed by an adult, would constitute negligent homicide. The State subsequently moved to transfer the case from Youth Court to District Court. After a hearing, the Youth Court granted the motion. J.A. appealed.

Montana's Youth Court Act authorizes the transfer of cases

2

from youth court to district court under certain circumstances. The transfer statute sets forth the criteria which must be met before a transfer can be ordered; among the required criteria are certain probable cause findings. Section 41-5-206, MCA. In the event the statutory requirements are met, the court "may" order the transfer. Id. Thus, in the final analysis, the decision to transfer is within the court's discretion.

Only one of the requirements of § 41-5-206, MCA, is at issue here. Section 41-5-206(1)(d), MCA, requires that the court find probable cause to believe that "the alleged offense was committed in an aggressive, violent, or premeditated manner." In this regard, the Youth Court specifically found as follows in Finding of Fact 18:

> There is probable cause to believe that [J.A.'s] behavior leading to and including the shooting of Billy Orthman was aggressive behavior constituting criminal negligence.

Appellant asserts that the record does not contain sufficient evidence to support Finding of Fact 18.

Our overall standard of review on appeal of a youth court order transferring a matter to district court is whether the court abused its discretion. Matter of K.M.H. (1988), 231 Mont. 180, 183, 752 P.2d 162, 164. This standard is appropriate because, as discussed above, a transfer under § 41-5-206, MCA, ultimately is left to the court's discretion. Heretofore, our standard for reviewing a court's findings of fact in the context of a § 41-5-206, MCA, transfer was whether substantial credible evidence supports the court's findings. K.M.H., 231 Mont. at 183, 752 P.2d

3

at 164. While we recently have clarified that we will utilize a clearly erroneous standard in reviewing court findings of fact, the first prong of the clearly erroneous test remains whether substantial evidence supports the court's findings. Interstate Prod. Credit Ass'n v. DeSaye (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287.

A review of the record supports the Youth Court's finding of probable cause to believe that the offense was committed in an aggressive manner. It is true that Ben Arbogast's testimony at the transfer hearing does not support the court's finding. At the hearing, Ben testified that the shooting was an accident; J.A. did not confront Billy or act in a violent, premeditated or aggressive manner at the time of the shooting.

However, the record also contains an earlier statement by Ben to Detective John Shaw of the Big Horn County Sheriff's Department that is at variance from his testimony at the transfer hearing. There, Ben stated that J.A. was "acting really reckless" with the gun as he walked towards Billy immediately prior to the shooting; the gun was not pointed at the floor, but was pointing straight ahead. J.A. was angry at the time because Billy would not give him the peanuts.

In addition, the court heard testimony from Don Miller, a psychiatric social worker who worked with Ben when he sought treatment for the stress induced by the shooting incident. Miller testified as to certain statements Ben made to him, including the look of sheer hatred on J.A.'s face just seconds before the shooting and Ben's description of J.A.'s behavior at the time as

4

aggressive.

Although the evidence as to whether J.A.'s conduct was aggressive is contradictory, it is not our function to resolve conflicts in the evidence. The trial court is in a position superior to that of this Court in assessing the demeanor and credibility of witnesses. Custody of Holm (1985), 215 Mont. 413, 418, 698 P.2d 414, 417. If sufficient evidence exists to support the court, we will defer to the court's determination. Mental Health of R.J.W. (1987), 226 Mont. 419, 423, 736 P.2d 110, 112.

Based on the record before it, the Youth Court entered Finding of Fact 16, that there is probable cause to believe that J.A. "confronted" Billy over possession of the can of peanuts. It went on to find probable cause to believe that J.A.'s behavior leading to and including the shooting was aggressive. Substantial credible evidence supports the Youth Court's finding and that finding is not clearly erroneous.

Appellant contends that the Youth Court failed to "seriously consider" whether there was evidence to make the finding of probable cause as required by In re Rodney Dean Stevenson (1975), 167 Mont. 220, 538 P.2d 5. On that basis, and in further reliance on State v. Rodriguez (1981), 192 Mont. 411, 628 P.2d 280, appellant asserts that this matter must be remanded to the Youth Court for further findings. This argument is premised on the court's failure to recite the testimony on which it relied in entering Finding 18. Appellant further contends that it is "quite likely" that the court found that the act was not committed in an aggressive manner, based on its rejection of certain of the State's

5

proposed findings of fact.

Nothing in Stevenson or Rodriguez requires the detailed recitation of the testimony or other evidence on which the Youth Court's findings are based. Stevenson requires that "all other factors set forth by statute" must be carefully considered. 167 Mont. at 229, 538 P.2d at 10. Rodriguez states that "it is sufficient if the record shows that each factor was seriously considered." 192 Mont. at 416, 628 P.2d at 283. It is clear that the Youth Court considered the only statutory factor at issue here, namely, whether J.A.'s conduct was aggressive; it entered a specific finding regarding confrontation and a specific finding of probable cause to believe that the conduct was aggressive. Furthermore, in light of these findings, appellant's contention that the court likely found no aggressive conduct is totally without merit.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices