NO. 93-187

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN THE MATTER OF

GUS E. MORLOCK,

Respondent.

FILED

NOV 15 1993

*Ed Smith*

CLERK OF SUPREME COURT.
STATE OF MONTANA

APPEAL FROM:   District Court of the Fifth Judicial District,
               In and for the County of Jefferson,
               The Honorable Frank M. Davis, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

               Lonnie J. Olson, Montana Advocacy Program,
               Billings, Montana

        For Respondent:

               Jim Obie, Chief Legal Counsel, Corrections
               and Human Services, Helena, Montana


                     Submitted on Briefs:  August 26, 1993

                                Decided:  November 15, 1993

Filed:

_____
                Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Gus E. Morlock appeals from an order of the District Court for the Fifth Judicial District in Jefferson County, Montana, which recommitted him to the Montana Developmental Center. Morlock seeks reversal of the order of recommitment based on his assertion that the Department of Corrections filed an untimely petition for recommitment under § 53-20-128, MCA. We reverse.

The dispositive issue on appeal is whether the petition for recommitment was filed in an untimely manner under § 53-20-128, MCA.

On July 31, 1991, the District Court for the Second Judicial District, Silver Bow County, committed Gus E. Morlock to the Montana Developmental Center for a period of eight months.

Pursuant to the provisions of the District Court order, Morlock's commitment to the Montana Developmental Center expired on March 31, 1992. No petition for recommitment was filed before the expiration of Morlock's commitment to the Center. On October 2, 1992, six months after the expiration of the order of commitment, the Department of Corrections filed a petition for recommitment of Morlock and properly served notice of a right to a hearing on the petition.

On February 10, 1993, a hearing pursuant to the petition was held in the District Court for the Fifth Judicial District, Jefferson County. Prior to the hearing, Morlock filed an oral motion with the court to dismiss the action for recommitment based

2

on his assertion that the petition for recommitment was filed in an untimely manner under § 53-20-128, MCA.

The District Court heard arguments from both parties. The Department conceded that the petition for recommitment was untimely under § 53-20-128, MCA. However, the court denied Morlock's motion to dismiss the action and proceeded with the hearing. On February 28, 1993, the District Court entered its findings of fact, conclusions of law and final order, which recommitted Morlock to the Montana Developmental Center for a period of twelve months from October 2, 1992. It is from this order of recommitment that Morlock appeals.

Morlock asserts that the Department of Corrections did not file the petition for his recommitment within the time period specified in § 53-20-128, MCA, and that failure to follow the statute mandates reversal of the District Court's order of recommitment.

Section 53-20-128(1), MCA, provides:

> If the qualified mental retardation professional in charge of the resident determines that the admission to the residential facility should continue beyond the period specified in the court order, he shall, <u>at least 15 days before the end of the period set out in the court order,</u> send written notice of his recommendation and request for renewal of the order to the court that issued the order, the resident, his parents or guardian, the next of kin, if known, the attorney who most recently represented the resident, if any, and the responsible person appointed by the court, if any. The recommendation and request must be accompanied by a written report describing the habilitation plan that has been undertaken for the resident and the future habilitation plan that is anticipated by the qualified mental retardation professional. [Emphasis added].

This Court has held that Montana's civil commitment laws are to be strictly followed. *Mental Health of S.J.* (1988), 231 Mont. 353, 355, 753 P.2d 319, 320 (citing *In the Matter of T.J.F.* (1987), 229 Mont. 473, 747 P.2d 1356). We conclude that the filing requirement of § 53-20-128, MCA, is mandatory. The statute allows a petition for recommitment only if renewal of the commitment order is requested at least 15 days before the expiration of the commitment order,

The Department of Corrections admits that it did not comply with the 15-day requirement set forth in § 53-20-128, MCA, when it filed its petition to recommit Morlock to the Montana Developmental Center. It filed the petition for Morlock's recommitment six months after his commitment order expired.

Because the Department did not comply with the statutory filing requirement of § 53-20-128, MCA, the District Court was without authority to recommit Morlock and its order of recommitment is reversed.

_____
J stice

We concur:

_____
Chief Justice

_____

_____
Karla M. Gray

_____
William E. Hunt, Sr.

_____

_____
Justices

November 15, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Lonnie J. Olson, Esq.
Mental Disabilities Board of Visitors
P.O. Box 177
Warm Springs, MT 59756

Jim Obie, Chief Legal Counsel
Corrections & Human Services
1539-11th Ave.
Helena, MT 59620-1310


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy