No.  94-520

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

FILED

APR 11 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

IN THE MATTER OF THE MENTAL
HEALTH OF D.H.,

    Respondent and Appellant.

---

APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis and Clark,
                The Honorable Dorothy McCarter, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Allen Smith, Jr., and Lonnie Olson, Mental
        Disabilities Board of Visitors, Montana
        Advocacy Program, Warm Springs, Montana

    For Respondent:

        Hon. Joseph P. Mazurek, Attorney General,
        Jennifer Anders, Assistant Attorney
        General, Helena, Montana

        Mike McGrath, Lewis and Clark County
        Attorney, Vicki Frazier, Deputy County
        Attorney, Helena, Montana

---

Submitted on Briefs:  March 2, 1995

Decided:  April 11, 1995

Filed:

Justice Terry N. Trieweiler delivered the opinion of the Court.

On September 13, 1994, the Lewis and Clark County Attorney's Office filed a petition in the District Court for the First Judicial District in Lewis and Clark County, in which it alleged that D.H. was seriously mentally ill and requested that the District Court enter an appropriate treatment order pursuant to § 53-21-127, MCA. Later that day, the District Court ordered that D.H. be involuntarily committed to the custody of the Montana Department of Corrections and Human Services for placement in the Montana State Hospital at Warm Springs for a period not to exceed 90 days. D.H. appeals from the District Court's order. We reverse the order of the District Court.

The following issue is dispositive on appeal:

Were the procedural safeguards imposed by statute followed prior to the District Court's order which committed D.H. to the State Hospital?

FACTUAL BACKGROUND

On September 11, 1994, D.H. voluntarily entered a support center at St. Peter's Hospital in Helena, where he had sought treatment on prior occasions for symptoms of paranoid schizophrenia. The following day, while D.H. was at the hospital, a hospital employee, Carol Fraser, filed a mental evaluation report and requested that a petition be filed to commit D.H. to a mental health facility.

On September 13, 1994, the Lewis and Clark County Attorney's Office filed a petition in District Court in which it requested a commitment order. Attached to the petition was Frazer's evaluation of D.H. That same day, the District Court appointed an attorney to represent D.H., ordered that an initial appearance be made by D.H., and found that probable cause existed to believe that D.H. was seriously mentally ill.

At or immediately following the initial appearance, the court issued another order in which it related that D.H. had appeared and was advised of his constitutional rights, as well as the effect of the petition, and directed that a hearing be held at 2:35 p.m., five minutes after the initial appearance. In that order, the court also appointed a "friend" of the respondent, and ordered Robert E. Brown, a professional person of D.H.'s choice, to examine him. Finally, the court stated that Fraser's report attached to the petition was sufficient to satisfy the requirements of § 53-21-123, MCA.

The hearing to consider the merits of the petition was held immediately following the initial appearance. Frazer was the only witness called to testify.

Following the hearing, the District Court ordered that D.H. be committed to the Montana State Hospital for a period not to exceed 90 days. This appeal is brought on D.H.'s behalf by attorneys for the Mental Disabilities Board of Visitors.

DISCUSSION

Were the procedural safeguards **imposed by** statute followed prior to the District Court's order which committed D.H. to the State Hospital?

The issue in this case involves the application of Montana statutes to undisputed facts. We review a district court's application of the law to determine whether the district court was correct. *Barthule v. Karman* (Mont. 1994), 886 P.2d 971, 975, 51. St. Rep. 1423, 1425.

D.H. contends that because the District Court ignored procedural requirements related to civil commitments, its commitment order should be reversed. The State concedes that the procedural issue raised by D.H. is controlled by our recent decision in *Matter of R.M.* (Mont. 1995), 889 P.2d 1201, 52 St. Rep. 68. However, during the briefing stages of this case, the parties did not have the benefit of that result.

Montana has enacted specific procedural safeguards which must be complied with as part of any effort to involuntarily commit any person. *See generally* Title 53, Chapter 21, MCA. Pursuant to § 53-21-121, MCA, a county attorney may file a petition for commitment of a person alleged to be seriously mentally ill upon receipt of a written request from a person with direct knowledge of relevant facts. Once presented with a petition, *a* district court must first consider whether probable cause exists to support the petition. Section 53-21-122(2)(a), MCA. If probable cause exists,

4

the court must immediately appoint counsel for the respondent and hold an initial hearing. At the initial hearing, the respondent must be advised of his or her constitutional rights and the substantive effect of the petition. Section 53-21-122(2)(b)(i), MCA. Finally, the court is required to appoint a professional person to examine the respondent, appoint a "friend" for the respondent, and set a date and time for a hearing on the petition. Section 53-21-122(2)(b)(ii), MCA.

Section 53-21-123(1), MCA, states that following an initial hearing, and without unreasonable delay, the respondent shall be examined by the appointed professional person who shall report to the county attorney and the court. If the appointed professional person recommends dismissal, the court should ordinarily dismiss the petition. Section 53-21-123(2)(a), MCA. If the professional person finds that commitment proceedings should continue, the scheduled hearing should be held. Section 53-21-123(2)(b), MCA.

As we recognized in *Matter of R.M.*, "'Montana's civil commitment laws are to be strictly followed.'" *Matter of R.M.*, 889 P.2d at 1204 (quoting *Matter of S.J.*(1988), 231 Mont. 353, 355, 753 P.2d 319, 320 (citations omitted)). We also noted that these procedural safeguards are of critical importance because of the "'calamitous effect of a commitment [,]' including loss of liberty and damage to a person's reputation." *Matter of R.M.*, 889 P.2d at 1204 (quoting *Matter of Shennum* (1984), 210 Mont. 442, 450-51, 684 P.2d 1073, 1078).

In this case, the District Court failed to strictly follow the statutory procedures for a civil commitment set forth at § 53-21-123, MCA, which require that, following the initial hearing, the respondent be examined by the professional person appointed at the initial hearing, and that that person immediately notify the county attorney of his or her findings and file a written report with the court. Contrary to § 53-21-123, MCA, the court relied on Frazer's examination of D.H. which was performed before the commitment proceeding was initiated.

The State contends that D.H. waived his right to challenge procedural flaws on appeal because he did not object on that basis in the District Court. We rejected that argument in *Matter of R.M.*, 889 P.2d at 1204-05, and held that because substantial rights of an individual are involved in a civil commitment proceeding, the general rule relied on by the State is inapplicable. *Matter of R.M.*, 889 P.2d at 1205 (citing *Matter of N.B.* (1980), 190 Mont. 319, 323, 620 P.2d 1228, 1231).

We hold that the District Court erred when it failed to comply with the specific requirements of § 53-21-123, MCA, and for that reason reverse its order which committed D.H. to the State Hospital. Because of this holding, we conclude it is unnecessary to consider the remaining issues raised on appeal.

_____
J stice

6

We concur:

_____
Chief Justice

_____

_____

_____
Justices

April 11, 1995

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Allen Smith, Jr.
Lonnie Olson
Montana Advocacy Program
Box 177
Warm Springs MT 59756-0177

Hon. Joseph P. Mazurek, Attorney General
Barbara Harris, Assistant
215 N. Sanders
Helena MT 59620

Mike McGrath
Lewis & Clark County Attorney
228 Broadway
Helena MT 59601

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *N. Gallagher*
Deputy