No. 99-658

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 159

300 Mont. 227

3 P. 3d 650

ROB GRABOW,

Plaintiff and Appellant,

v.

THE MONTANA HIGH SCHOOL ASSOCIATION,

a nonprofit corporation, and LIVINGSTON HIGH

SCHOOL DISTRICT NO. 1, LIVINGSTON HIGH

SCHOOL DISTRICT NO. 1 SCHOOL BOARD, and

PARK HIGH SCHOOL,

Defendants and Respondents.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

Honorable Jeffrey M. Sherlock, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Stephen M. Frankino and Michael F. McMahon, Hughes, Kellner,

Sullivan & Alke, Helena, Montana

For Respondent:

Jock Anderson, Gough, Shanahan, Johnson & Waterman, Helena,

Montana

James P. Molloy, Hunt & Molloy Law Firm, Helena, Montana

Laurence R. Martin, Billings, Montana

Submitted on Briefs: June 1, 2000

Decided: June 20, 2000

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

1. ¶Rob Grabow appeals an order in which the First Judicial District Court, Lewis and Clark County, denied his request for a preliminary injunction preventing the Montana High School Association (MHSA) from enforcing its decision that he was ineligible to play high school basketball during the 1999-2000 school year. In December of 1999, this Court enjoined MHSA from preventing Grabow from playing basketball during the pendency of this appeal. We now dismiss the appeal as moot and remand for further proceedings.

2. ¶Grabow sets forth the following issues:

3. ¶1. Whether the District Court erred in ruling that MHSA's Eight Consecutive Semester Rule is reasonable and that the government's interest in enforcing the rule outweighs Grabow's constitutionally protected right to participate in extracurricular activities.

4. ¶2. Whether the non-delegation doctrine precludes MHSA, a private nonprofit corporation, from rule-making and adjudicating absent a clear legislative mandate.

5. ¶3. Whether Grabow is entitled to reimbursement for his attorney fees in equity and under the private attorney doctrine.

6. ¶In the fall of 1999, Rob Grabow enrolled as a senior at Park High School in Livingston, Montana. Upon enrolling, he was assured that he would be eligible to participate in basketball during the school year because he had not yet turned nineteen years of age and had not competed four consecutive years in any sport.

7. ¶Grabow had attended several different schools during his high school career. He

spent his freshman year, 1995-96, at North Pole High School in Alaska. In 1996-97, he was enrolled as a sophomore in a Fairbanks, Alaska high school where he played basketball. During the 1997-98 school year, Grabow attended a Port Angeles, Washington high school, where he also played basketball. In 1998-99, Grabow was a Rotary exchange student in Germany.

8. ¶After Grabow enrolled at Park High School, he was informed that MHSA's executive director had determined that he could not participate in basketball, because of MHSA's semester rule. The semester rule states:

A student will be eligible to participate in Association Contests for four (4) consecutive years [eight (8) consecutive semesters] after entering the ninth grade or after qualifying for participation under Article II, Section (6) B (7th-8th grade waiver process). An attendance of twenty (20) days during a ninth grader's first semester in high school constitutes his/her first semester of attendance. A ninth grader who attends fewer than twenty (20) days in his/her first semester of high school does not begin his/her eight (8) consecutive semesters unless he/she has participated during this time in an Association contest. Such a period of fewer than twenty (20) days is not considered to be "the last previous semester attended" under Section (3).

Article II, Section (9), Montana High School Association 1999-2000 Official Handbook. MHSA's executive director reasoned that Grabow's seventh and eighth semesters of sports eligibility had elapsed while he was in Germany.

1. ¶Grabow requested a hearing before MHSA's Board of Control to determine whether he was exempt from the semester rule under a provision allowing for waiver "in case of emergency or where extenuating circumstances are involved." He argued that waiver was justified because of his mother's serious illness during his freshman year, which prevented him from participating in sports, together with his year spent abroad. The Board voted to deny Grabow's request and later denied his request for reconsideration of that decision.

2. ¶Grabow then filed a complaint asking the District Court for declaratory rulings that MHSA lacks rule-making and adjudicatory authority and that the semester rule is unconstitutional as applied to him. He further requested a hearing on whether a preliminary injunction should be issued precluding enforcement of MHSA's ruling until his case could be adjudicated on its merits.

3. ¶At the preliminary injunction hearing, Grabow, his mother, three MHSA

representatives, and the superintendent of the Livingston schools testified. The court's subsequent written order stated that there was no unlawful delegation of authority from school trustees to MHSA in regard to the decision not to waive the semester rule. The court further stated that the semester rule and its application in this case were more important than Grabow's interest in trying out for the basketball team. Concluding that it was unlikely Grabow would ultimately prevail in his action, the District Court denied his request for a preliminary injunction. From that order, Grabow appeals.

4. ¶In connection with his appeal, Grabow filed a Rule 40, M.R.App.P., application asking this Court to grant an injunction prohibiting enforcement of MHSA's decision pending final disposition of this appeal. This Court granted that request on December 23, 1999, and also permanently enjoined MHSA from penalizing Grabow, his basketball team, or his high school if the preliminary injunction was later dissolved or set aside. As a result of that ruling, Grabow participated on the varsity basketball team for Park High School during the 1999-2000 basketball season.

5. ¶Briefing of the appeal was completed in March 2000. At that time, we requested and received supplemental briefs from the parties as to whether this appeal had become moot. For the reasons discussed below, we conclude that it has.

## Discussion

1. ¶Mootness is a threshold issue which must be resolved before addressing the underlying dispute. *Shamrock Motors, Inc. v. Ford*, 1999 MT 21, ¶ 17, 293 Mont. 188, ¶ 17, 974 P.2d 1150, ¶ 17.

A matter is moot when, due to an event or happening, the issue has ceased to exist and no longer presents an actual controversy. A question is moot when the court cannot grant effective relief. If the parties cannot be restored to their original position, the appeal becomes moot.

*Shamrock Motors*, at ¶ 19 (citations omitted). As indicated above, the Court has sua sponte raised the issue of mootness of this case.

1. ¶ In their supplemental briefs on this issue, the parties all assert that they retain actual and concrete interests in the outcome of this matter and that the issues

therefore are not moot. Alternatively, they assert that this is a proper case for application of the exception to the mootness doctrine for constitutional questions which are capable of repetition yet which could evade review. This exception recognizes that the amount of time inherent in the litigation process renders it nearly impossible in some cases for a final judicial decision to be reached before the case is rendered moot. In such circumstances, because application of the mootness doctrine would effectively deny the remedy of appeal, a court will agree to issue a decision even after the actual controversy has been resolved. *See Common Cause of Montana v. Statutory Committee* (1994), 263 Mont. 324, 328, 868 P.2d 604, 606-07.

2. ¶This case is similar to *Van Troba v. Montana State University*, 1998 MT 292, 291 Mont. 522, 970 P.2d 1029. Van Troba had been ruled ineligible to compete in a college basketball program during her freshman year. She applied for and was granted a district court's preliminary injunction prohibiting enforcement of that ruling. The National Collegiate Athletic Association, which promulgated the rules under which Van Troba had been declared ineligible to play basketball, appealed. By the time we considered the appeal, however, Van Troba had completed her freshman year of college, during which she had played basketball pursuant to the district court injunction. Stating that we normally do not address moot questions, we denied review of the preliminary injunction. *Van Troba*, at ¶ 40. We noted, however, that the underlying claim remained as to whether Van Troba should have been ineligible and that the district court retained the ability to render a final judgment on the merits of that question, for which purpose we remanded the case. *Van Troba*, at ¶ 44.

3. ¶We distinguished *Van Troba* from an earlier case, *J.M. v. Montana High School Ass'n* (1994), 265 Mont. 230, 875 P.2d 1026, upon which MHSA relies here. *J.M.* involved the question of a high schooler's eligibility to play sports *vis a vis* an MHSA rule known as the "four-season rule." The district court had granted a preliminary injunction permitting J.M. to participate in sports during the pendency of the appeal by MHSA. This Court reversed the district court's preliminary injunction order despite objections that after the completion of the athletic season the issues had become moot. Our decision was based upon our determination that J. M. had not offered evidence as to an element of proof necessary in order to establish that he had a right to a hearing on waiver of the rule. Under those circumstances, we stated that MHSA had a right to a final decision on the merits of its appeal. *J.M.*, 265 Mont. at 241-42, 875 P.2d at 1033. In addition, we remanded the case to district court for decision on other issues raised in J.M.'s complaint which had not yet been decided. *J.M.*, 265 Mont. at 242, 875 P.2d at 1033.

4. ¶In the present case, the 1999-2000 basketball season was the only one in which Grabow claimed he had a future right to participate, and that season has now been completed. The initial grounds for application of the mootness doctrine to the preliminary injunction issue have therefore been met. And, in contrast to *J.M.*, there has been no argument here that Grabow failed to meet the minimal standard of proof allowing him to petition for a waiver of the relevant MHSA rule. Inasmuch as they relate to the District Court's refusal to issue a preliminary injunction, we decline to consider the questions raised in Grabow's Issues 1 and 2, because those issues are now moot. In fact, we conclude that Issue 1 is now completely moot, and given that it relates to a waiver decision based upon Grabow's particular circumstances, is not one capable of repetition.

5. ¶The District Court's conclusion referenced in Issue 2 relates to a subject raised in Grabow's request for declaratory judgment and upon which the District Court has not yet rendered a judgment. To the extent that this conclusion may be read to relate to that request for declaratory judgment, it was premature. After the District Court enters final judgment on Grabow's petition for declaratory judgment, that judgment will be subject to appeal. In light of all parties' assertions that this case continues to represent a live controversy, we conclude that this issue is not one capable of repetition but which will evade review. We therefore decline to address Issue 2 further at this time.

6. ¶Given that this case has not been finally decided, Grabow's claim that he is entitled to be awarded his attorney fees is also premature. We therefore deny Grabow's request for attorney fees, without prejudice.

7. ¶We remand this case to the District Court for further consideration of the merits of Grabow's complaint for declaratory judgment.

/S/ J. A. TURNAGE

We concur:

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

Justice James C. Nelson dissents.

1. ¶Despite the majority's attempt to distinguish our decision in *J.M. v. Montana High School Ass'n* (1994), 265 Mont. 230, 875 P.2d 1026, I conclude that there is no significant difference between that case and the case at bar which justifies our refusal to reach the merits of the instant appeal. The constitutional issues raised in this case are important and are capable of repetition, yet will likely always escape review.

2. ¶When a student athlete is deprived of his or her perceived right to take part in some sport in spite of MHSA's eligibility rules, the student can sue. Typically, the student is successful in obtaining an injunction allowing his or her participation in the sport. Naturally, by the time the case makes its way to this Court on appeal, the season is over, the student has graduated, and the matter is moot as a technical matter.

3. ¶Unfortunately, by mechanically applying the mootness doctrine in these types of cases, the legal issues presented never get resolved despite the fact that the same issues can be raised in the future in the same manner by a different litigant. The result is that the loosing party's remedy of appeal is continually nullified. *See J.M.*, 265 Mont. at 241, 875 P.2d at 1033.

4. ¶By analogy, if the referee can require one team to enter the game with its shoelaces tied together, it should come as no surprise that the other team will always win. I'd call a foul on this litigation tactic and reach the merits. I dissent from our failure to do so.

/S/ JAMES C. NELSON