FILED

01/24/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0359

DA 16-0359

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 15N

STAN RATLIFF, Individually and as Trustee of the RATLIFF TRUST,

      Plaintiff and Appellee,

    v.

GLORIA M. SCHLEINZ, SALLIE DRUCILLA ACORD,
RICARDA JOHNSON and all other persons, unknown,
claiming or who might claim any right, title, estate, or interest in
or lien or encumbrance upon the real property described in the
Complaint or a part thereof adverse to Plaintiffs' ownership or
any cloud upon Plaintiffs' title thereto, whether such claim or
possible claim be present or contingent,

      Defendants,

RICARDA JOHNSON,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Fourth Judicial District,
                   In and For the County of Missoula, Cause No. DV 13-694
                   Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Raymond P. Tipp, Tipp & Buley, P.C., Missoula, Montana

      For Appellee:

          Donald C. St. Peter, St. Peter Law Offices, P.C., Missoula, Montana

                         Submitted on Briefs: December 14, 2016

                                Decided: January 24, 2017

Filed:

_____
                Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Ricarda Johnson (Johnson) appeals the order of the Fourth Judicial District Court, Missoula County, dismissing her claim as moot. We reverse and remand for further proceedings.

¶3    In June 2013, Stan Ratliff (Ratliff), individually and as Trustee of the Ratliff Trust, filed a quiet title action to determine the ownership of real property and the mobile home situated on it. The defendants named in the action included Gloria Schleinz, Sallie Drucilla Acord, and Johnson. In November 2013, Ratliff obtained a default judgment declaring that he was the sole and rightful owner of the property. Ratliff sold the property and, on March 5, 2015, a Warranty Deed transferring title to the real property from Ratliff to a third-party was recorded.

¶4    In January 2016, over two years after the default judgment was entered and nearly one year after the subsequent property sale, Johnson filed a M. R. Civ. P. 60 motion for relief from the judgment. Johnson's motion asserted that Ratliff had failed to follow service rules set forth in the Montana Rules of Civil Procedure, and the District Court lacked personal jurisdiction over her. However, rather than ruling on the Rule 60 motion, the District Court determined that Johnson's claim was moot because of the intervening

2

sale. The District Court reasoned that, "[a]s a result of transfer of ownership of the subject real and personal property to a third party, the Court cannot grant effective relief or restore the parties to their original positions. Accordingly, the matter is moot . . . ."

¶5 Issues of justiciability, including mootness, are questions of law, which we review *de novo*. *Reichert v. State*, 2012 MT 111, ¶ 20, 365 Mont. 92, 278 P.3d 455; *Alexander v. Bozeman Motors, Inc.*, 2012 MT 301, ¶ 20, 367 Mont. 401, 291 P.3d 1120. "'Mootness is a threshold issue which must be considered before addressing the underlying dispute.'" *Larson Lumber Co. v. Bilt Rite Constr. & Landscaping LLC*, 2014 MT 61, ¶ 29, 374 Mont. 167, 320 P.3d 471 (quoting *Povsha v. City of Billings*, 2007 MT 353, ¶ 19, 340 Mont. 346, 174 P.3d 515).

¶6 The mootness inquiry requires courts to determine if "it is possible to grant some form of effective relief." *Progressive Direct Ins. Co. v. Stuivenga*, 2012 MT 75, ¶ 37, 364 Mont. 390, 276 P.3d 867.

> [T]he fact that property has changed hands and third-party interests are involved does not necessarily, in and of itself, render an appeal moot. If the appellant is requesting that the parties be restored to their original pre-judgment positions, the fact that property has already changed hands and third-party interests are now involved may make this impossible, in which case the appeal will be deemed moot. But if the appellant, upon reversal, will have "a claim in restitution as necessary to avoid unjust enrichment," . . . then the effective relief can be granted and the appeal is not moot.

*Progressive*, ¶ 44. In quiet title actions, the court sits in equity and, therefore, "effective relief" can include forms of equitable relief. The primary equitable remedy in a quiet title action is a clean, quiet title and undisputed ownership of the property. 74 C.J.S. Quieting Title §§ 2, 87 (2013) (Section 2 states: "The purpose of an action or remedy to quiet title,

3

remove an existing cloud on a title, or prevent a threatened cloud on a title is to clear the title against future claims and determine the validity of any adverse claims."). However, it may be possible for a court to craft additional or alternative equitable relief as necessary, on a case-by-case basis. *See, e.g.*, 74 C.J.S. Quieting Title §§ 84-89 (explaining the various equitable remedies available to courts). For example,

> where the underlying action is a contest over the title to real estate, and the party who prevails at trial then sells the property to a bona fide purchaser, after which the underlying judgment is set aside, the opposing party has a restitution claim against the prevailing party or, depending on the doctrine of lis pendens, may instead have a claim against the purchaser.

*Progressive*, ¶ 23.

¶7 Before mootness can be determined in a quiet title action, a court must examine whether any other equitable remedies could be available. Here, the District Court held that Johnson's claim was moot because of the property sale, and did not consider whether any other equitable remedies such as restitution or unjust enrichment could be available. Because of the possibility that such remedies could still be available, we conclude that the action should not be deemed moot at this juncture. Therefore, we reverse and remand the matter back to the District Court to consider Johnson's Rule 60 motion on its merits.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions.

¶9 Reversed and remanded for further proceedings.

/S/ JIM RICE

4

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON