JUSTICE COTTER
delivered the Opinion of the Court.
¶1 State Senator Jim Elliott (Elliott) requested certain state tax information from the Montana Legislative Auditor (Auditor) for “C” corporations doing business in Montana. The Auditor, based on information provided by the State Department of Revenue (DOR), compiled the requested information for tax year 2002 and provided it to Elliott. Later, DOR denied the Auditor and Elliot access to similar tax information for other tax years. Elliott filed a Petition to Obtain Public Documents (Petition), which the District Court denied. Elliott appeals. We affirm.
ISSUE
¶2 The restated issue on appeal is:
Did the District Court err when it denied public disclosure of Montana “C” corporations’ state tax records?
FACTUAL AND PROCEDURAL BACKGROUND
¶3 In January 2004, Elliott, in his capacity as Chairman of the Senate Taxation Committee and Vice-chairman of the Legislative Audit Committee, requested tax information for “C” corporations with $1,000,000.00 or more in Montana sales for all tax years for which DOR had the information. Elliott sought the information because he believed a “responsible legislator needs to be informed so as to make responsible and accurate decisions on the part of the public.”
¶4 Initially, Elliott asked the Auditor to provide him with tax information about all corporations that paid less than $150.00 in Montana taxes in 2002. After inspecting the information, Elliott requested tax information for the top 500 “C” corporations in terms of Montana sales. (See “C” corporation definition at § 15-30-101(3), MCA.) DOR provided the information to the Auditor on Elliott’s behalf. The Auditor compiled for Elliott spreadsheets containing information for tax year 2002. Corporate taxpayers, however, were not identified by name on the spreadsheets.
¶5 Elliott then researched the identities of some of the corporations *197 by matching up the tax information he received for 2002 with financial information he located on the internet from such sources as the U.S. Securities Exchange Commission’s published filings and corporate financial reports. Elliott disclosed the results of his research to his constituents and other Montana citizens.
¶6 Elliott testified that “the compelling reason for the people of the state of Montana [to have access to state corporate tax records] is that a just, equitable taxation policy is important. For every dollar that one person avoids illegally ... in paying taxes, the citizens of the state of Montana make up for that in increased taxes or in decreased services.” Subsequently, Elliott reiterated his request for tax records from all available tax years. DOR refused Elliott’s request because he had disclosed to the public corporate tax information previously provided.
¶7 Elliott petitioned the District Court to order disclosure of the state corporate tax records. On April 6, 2005, the District Court denied Elliott’s Petition after holding an evidentiary hearing on November 23, 2004, and oral arguments on February 11, 2005. Elliott appeals.
STANDARD OF REVIEW
¶8 We review a district court’s conclusion of law regarding a constitutional question to determine whether it is correct. Bryan v. District, 2002 MT 264, ¶ 16, 312 Mont. 257, ¶ 16, 60 P.3d 381, ¶ 16.
DISCUSSION
¶9 Did the District Court err when it denied public disclosure of Montana “C” corporations’ state tax records?
¶10 Elliott invokes the right to know provisions of Article II, Section 9, of the Montana Constitution in support of his contention that state corporate tax records are subject to public disclosure. Article II, Section 9 provides:
Right to know. No person shall be deprived of the right to examine documents or to observe the deliberations of all public bodies or agencies of state government and its subdivisions, except in cases in which the demand of individual privacy clearly exceeds the merits of public disclosure.
However, state law prohibits the disclosure of tax records provided to DOR by Montana corporate taxpayers. Section 15-31-511, MCA, provides:
Confidentiality of tax records. (1) Except as provided in this section in accordance with a properjudicial order or as otherwise provided by law, it is unlawful to divulge or make known in any *198 manner:
(a) the amount of income or any particulars set forth or disclosed in any return or report required under this chapter or any other information relating to taxation secured in the administration of this chapter; or
(b) any federal return or information in or disclosed on a federal return or report required by law or rule of the department of revenue under this chapter.
¶11 In briefs to this Court, Elliott highlights the conflict between the provisions of Article II, Section 9, and § 15-31-511, MCA, but dismisses the statute by arguing that, “Obviously, state statutory law must yield to constitutional law.” We agree with this cardinal premise. However, statutes are presumed constitutional absent proof beyond a reasonable doubt to the contrary. Ravalli County v. Erickson, 2004 MT 35, ¶ 17, 320 Mont. 31, ¶ 17, 85 P.3d 772, ¶ 17 (citation omitted).
¶12 Notably, Elliott has mounted no constitutional challenge-either facial or as applied-to invalidate § 15-31-511, MCA. Indeed, Elliott’s counsel stated unequivocally, both in briefs to this Court and during oral argument, that Elliott does not challenge the constitutionality of the statutory prohibition on disclosure of corporate tax information. Rather, he views the statute as “a nullity” in light of case law interpreting Article II, Section 9.
¶13 Elliott seeks precisely the information the disclosure of which is directly prohibited by § 15-31-511(1), MCA. Elliott asked the District Court to order disclosure of information for “C” corporations with $1,000,000.00 or more in Montana sales, including: the name of the corporation; Montana sales; total sales; Montana property; total property; Montana payroll; total payroll; apportionment factor; adjusted taxable income; Montana taxable income before net operating loss; Montana taxable income; Montana corporate tax liability; and the date the tax return was received. While Elliott concedes the statute prohibits such disclosure, he maintains that the constitutional right to know in essence “trumps” these statutory restrictions, and that we may so rule without per se declaring the statute unconstitutional.
¶14 The Legislature has exercised its constitutional power to enact a statute. Article V, Section 1, Montana Constitution. The role of the courts in construing a statute is well established. We are to ascertain a statute’s terms and substance, but we are not to insert what has been omitted or omit what has been inserted. Section 1-2-101, MCA. Thus, we may not simply disregard the provisions of a duly enacted statute unless we first conclude that it is unconstitutional.
*199 ¶15 As already stated, the unconstitutionality of a statute must be demonstrated beyond a reasonable doubt. Ravalli County, ¶ 17. In that no demonstration of unconstitutionality has been offered-much less proven-here, we may not declare this statute unconstitutional, nor will we undertake to do so sua sponte. Absent a successful constitutional challenge to the propriety of a statute, we are obligated to apply it. State v. Finley, 276 Mont. 126, 149, 915 P.2d 208, 223 (1996) (Gray, J., specially concurring).
¶16 Without a direct constitutional challenge to § 15-31-511, MCA, we have no basis for confronting, much less disturbing, its prohibition on disclosure of state corporate tax records. Therefore we conclude we cannot grant the relief Elliott seeks.
CONCLUSION
¶17 For the foregoing reason, we affirm.
CHIEF JUSTICE GRAY, JUSTICES LEAPHART, RICE and NELSON and DISTRICT JUDGE BUYSKE, sitting for JUSTICE MORRIS concur.