DA 07-0063

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 335

|  |  |  |
|---|---|---|
| PENNY S. HENESH, | ) | |
| | ) | |
| Plaintiff and Appellant, | ) | O P I N I O N |
| | ) | A N D |
| v. | ) | O R D E R |
| | ) | |
| BOARD OF COMMISSIONERS OF GALLATIN | ) | |
| COUNTY, MONTANA, in their Official Capacity, and | ) | |
| GALLATIN COUNTY, MONTANA, | ) | |
| | ) | |
| Defendants and Appellees, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ESTATE OF CHARLES MICHAEL DRY, a/k/a | ) | |
| C. MICHAEL DRY, | ) | |
| | ) | |
| Intervenor-Defendant and Appellee. | ) | |

¶1　Penny S. Henesh (Henesh) has appealed an order of the Eighteenth Judicial District, Gallatin County, granting summary judgment to the Board of Commissioners of Gallatin County (County) dismissing her complaint which alleged that the County's preliminary approval of the Dry Minor Subdivision in Gallatin County was unlawful.

¶2　The County has moved to dismiss this appeal, claiming the issues presented to this Court are now moot.

¶3　While this action was pending, the District Court entered no injunction prohibiting the County or the developer, the Estate of Charles Michael Dry (Estate), from proceeding with the process to secure approval of the subdivision. After the District Court entered its order granting the County's motion for summary judgment, Henesh timely appealed.

However, Henesh did not apply for a stay of the judgment in either the District Court or this Court, under former M. R. App. P. 7., which provided in pertinent part: "Upon entry of a judgment or order in a civil case a party may apply to the district court on notice or ex parte for a stay of the execution of the judgment or order."[1] Thus, there was no order in effect which would prohibit the County from finally approving the Dry Minor Subdivision, or upon final approval prevent the Estate from selling the lots in the subdivision.

¶4 In its motion to dismiss this appeal the County has alleged that it finally approved the Dry Minor Subdivision on September 18, 2007, and the lots in the subdivision have been sold to a third party. In her response to the motion to dismiss Henesh admits that such allegations are true.

¶5 Henesh might have applied for an injunction preventing final approval of the subdivision while the action was pending in the District Court, or an injunction or stay of execution following the District Court's order granting summary judgment to the County entered in June of 2006. If such an application for an injunction had been denied by the District Court, Henesh could have appealed such denial to this Court. Such application could have been made up to September 18, 2007, when the County approved the final plat of the subdivision. She did not. Henesh cannot now be heard to complain because the Estate and the County continued with the process to secure final approval, when she failed to seek available remedies to preserve the *status quo* pending appeal. *See City of*

___

[1] As of October 1, 2007, M. R. App. P. 7 was superseded by M. R. App. P. 22, which provides in pertinent part: (a) A party shall file a motion in the district court for any of the following relief:
i. To stay a judgment or order of the district court pending appeal;
ii. For approval of a supersedeas bond . . . .

2

*Bozeman v. Taylen*, 2007 MT 256, ¶¶ 28-30, 339 Mont. 274, ¶¶ 28-30, __ P.3d __, ¶¶ 28-30.

¶6 During this litigation, including the appeal, Henesh faced a danger of dismissal for mootness if the property left the hands of the Estate, and thus there was a special need for a stay. The parties cannot now be returned to the *status quo* because of the transfer of the lots in the subdivision to a third party. This Court can no longer grant effective relief and, as a result, this appeal is now moot. *See Turner v. Mt. Engr. & Constr., Inc.*, 276 Mont. 55, 63, 915 P.2d 799, 804 (1996).

¶7 Henesh has informed us in her brief in opposition to the motion to dismiss that she has filed Gallatin County Cause No. DV-07-639C, *Henesh v. Gallatin County*, in which she has challenged the final approval of Dry Minor Subdivision. We express no opinion herein concerning such action.

¶8 NOW, THEREFORE, IT IS ORDERED as follows:

¶9 Appellee Gallatin County's Motion to Dismiss this appeal is GRANTED.

¶10 The Clerk of Court shall mail a copy of this Order to all counsel of record.

¶11 DATED this 13th day of December 2007.

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS