DA 06-0204

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 353

RODNEY R. POVSHA, et al.

        Plaintiffs, Petitioners and Appellants,

  v.

CITY OF BILLINGS, et al.,

        Defendants, Respondents and Appellees.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV-2002-0442
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

            Michael J. San Souci, Law Office of Michael J. San Souci,
Bozeman, Montana

        For Appellees:

            John K. Addy, Deputy City Attorney, Billings, Montana

                        Submitted on Briefs:  February 14, 2007

                                Decided:  December 19, 2007

Filed:

                _____
                            Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Rodney Povsha, et al. (Povsha), sought to enjoin and set aside a zoning change and subdivision approval by the City of Billings, et al. (the City), to accommodate a request by James Capser and Sunworks, LLC (collectively Capser) to build Big Sky Auto Auction (BSAA) adjacent to Povsha's residence. The District Court for the Thirteenth Judicial District, Yellowstone County, granted the City's Motion for Summary Judgment. Povsha appeals the court's decision along with an earlier order of the court denying Povsha's Motion for Summary Judgment.

¶2     Povsha raises two issues on appeal which we have restated as follows:

¶3     1.   Whether the District Court erred in granting summary judgment to the City given the City's failure to compel or require the developers of BSAA to erect an appropriate sound wall structure or buffer adjacent to BSAA's property line as called for under the City-County Uniform Zoning Regulations (UZR); permitting an increase in the allowable building-size limitations called for under the UZR; and permitting the land to be used as a wholesale auto auction in contravention of the mandates of the UZR.

¶4     2.   Whether the District Court erred in denying Povsha's Motion for Summary Judgment and rejecting Povsha's claim that the City's approval of this development was tantamount to illegal spot zoning.

¶5     Because we hold that the issues presented are moot, we dismiss this appeal with prejudice.

**Factual and Procedural Background**

¶6    BSAA was a commercial automobile auction facility.  It had been in operation in Billings since 1997.  The facility consisted of an auto auction building, body shop and detail shop.  BSAA employed 120 to 150 full-time employees and it generally had 1,500 cars on site at a given time.  The lease on BSAA's original location was due to expire November 1, 2002, and BSAA management had determined that this location could no longer accommodate BSAA's business needs due to growth.  Consequently, in late 2001 or early 2002, BSAA began looking for an alternate location.

¶7    Joseph Miller (Miller) owned approximately 60.9 acres of undeveloped land south of Interstate 90, one-quarter of a mile east of the South Billings Boulevard Interchange.  This land lay outside of the boundary for the Billings Urban Planning Area and the Billings city limits.  The land was eventually designated as the Willowbrook subdivision.  Miller sold a segment of this land to Capser to be used as the site of the new BSAA facility.

¶8    In early January 2002, Capser and Miller applied to the City-County Planning Department requesting expansion of the Billings Urban Planning Area to encompass this property which, at that time, was zoned "Agricultural-Open."  The application asked that the property be designated as an "Urban Study Area" and stated that the requested expansion "is in anticipation of an annexation request for a portion of the 60.9-acre study area" and that the "intention will be to develop the study area for commercial uses."

¶9    On February 14, 2002, the City's Development Review Committee held a preliminary review meeting to discuss this proposed zone change.  At the meeting, Povsha, and others residing near the property, raised numerous concerns regarding the

potential incompatibility of the proposal with the adjacent residential area and the nearby Riverfront Park. Following the public hearing, the zoning commission voted to recommend denial of the proposed zone change due largely to the incompatibility of the wholesale auto auction use with the character of the surrounding residential area.

¶10    At its meeting on March 25, 2002, the City Council voted to conditionally approve annexation of Lots 1 through 4 of the subject property with Lot 4 to be dedicated to use by BSAA and Lot 5 to remain "open-agricultural." Because one of these five lots was situated within the jurisdiction of Yellowstone County (the County), the Board of County Commissioners voted on April 9, 2002, to approve the subdivision application. On April 22, 2002, the City Council formally adopted and approved the zoning change.

¶11    On May 22, 2002, Povsha filed his initial complaint seeking to enjoin and set aside the zoning change and corresponding subdivision approval. Povsha subsequently filed an amended complaint accompanied by an application for a preliminary injunction to prevent the development from going forward. Following an evidentiary hearing on June 18, 2002, the District Court denied Povsha's application. Povsha did not appeal the court's decision.

¶12    The City issued Sunworks a building permit for BSAA on June 13, 2002, and the BSAA development was completed sometime in the fall of 2002.

¶13    On June 20, 2002, the County, which had also been named as a defendant in these proceedings, filed a Motion for Judgment on the Pleadings. Povsha filed his opposition to the motion on July 5, 2002. Because the District Court considered matters outside of

4

the pleadings, the County's motion was converted into a Motion for Summary Judgment. After a hearing on December 6, 2002, the District Court denied the County's motion.

¶14 On May 1, 2003, Povsha filed a Motion for Summary Judgment on the grounds that the underlying actions upon which the development was approved constituted a form of illegal spot zoning or special legislation and were thus invalid. A hearing on Povsha's motion was held on August 29, 2003, after which the court denied the motion determining that triable issues remained.

¶15 After several postponements, trial in this matter eventually was rescheduled for March 2, 2005. However, on February 11, 2005, counsel for the City requested a postponement of the trial so that he could file a Motion for Summary Judgment. The District Court granted the City's request and said motion was filed on April 28, 2005. In its motion, the City asserted that although reasonable minds could differ as to the advisability of the development, the actions of the City Council were entitled to presumptive validity.

¶16 Following a hearing conducted on July 25, 2005, the District Court entered an order granting the City's Motion for Summary Judgment. The court concluded that this zoning change was part of a gradual and pervasive transition from agricultural use to entry-way commercial use and that use of the land for a wholesale auto action as part of a planned development was consistent with the uses in the surrounding area since the construction of the Interstate Interchange. Hence, the court determined that the planned development was not spot zoning or special legislation and that the process leading to the zoning change was fair.

5

¶17 Povsha appeals from the District Court's decision and order.

**Discussion**

¶18 Povsha requests on appeal that we reverse the underlying determinations of the District Court and enter judgment in Povsha's favor. Povsha concedes in its brief on appeal that the damage in this case has already been done—i.e., the City granted the zoning change and approved the subdivision and BSAA was built adjacent to Povsha's property. Because we can no longer grant effective relief in this case, we hold that this appeal is moot.

¶19 Mootness is a threshold issue which must be resolved before addressing the underlying dispute. *Grabow v. Montana High School Ass'n*, 2000 MT 159, ¶ 14, 300 Mont. 227, ¶ 14, 3 P.3d 650, ¶ 14 (citing *Shamrock Motors, Inc. v. Ford Motor Co.*, 1999 MT 21, ¶ 17, 293 Mont. 188, ¶ 17, 974 P.2d 1150, ¶ 17). This Court has consistently held that "a moot question is one which existed once but because of an event or happening, it has ceased to exist and no longer presents an actual controversy." *Skinner v. Lewis and Clark*, 1999 MT 106, ¶ 12, 294 Mont. 310, ¶ 12, 980 P.2d 1049, ¶ 12 (quoting *State ex rel. Miller v. Murray*, 183 Mont. 499, 503, 600 P.2d 1174, 1176 (1979)). Moreover, a case will become moot for the purposes of an appeal "where by a change of circumstances prior to the appellate decision the case has lost any practical purpose for the parties, for instance where the grievance that gave rise to the case has been eliminated . . . ." *Matter of T.J.F.*, 229 Mont. 473, 475, 747 P.2d 1356, 1357 (1987) (quoting 5 Am. Jur. 2d *Appeal and Error* § 762 (1962)).

¶20     We recently determined in *Henesh v. Board of Commissioners of Gallatin County*, 2007 MT 335, ¶¶ 6, 9, ___ Mont. ___, ¶¶ 6, 9, ___ P.3d ___, ¶¶ 6, 9, that because this Court could no longer grant effective relief in that case, the appeal was moot and we granted the County's Motion to Dismiss.  Henesh had alleged that Gallatin County's preliminary approval of the Dry Minor Subdivision was unlawful.  While the action was pending, the District Court did not enter an injunction prohibiting the County or the developer from proceeding with the process to secure approval of the subdivision.  Consequently, Gallatin County approved the Dry Minor Subdivision and the lots in the subdivision were sold to a third party.  *Henesh*, ¶¶ 1-4.

¶21     We noted in *Henesh*, that although Henesh timely appealed from the District Court's order dismissing her complaint, she did not apply for a stay of the judgment in either the District Court or this Court.  Thus, there was no order in effect which would have prohibited the County from finally approving the Dry Minor Subdivision, or preventing the lots in the subdivision from being sold.  *Henesh*, ¶ 3.  We stated that because Henesh failed to seek available remedies to preserve the status quo pending appeal, she could not be heard to complain because the opposing parties continued with the process to secure final approval of the subdivision.  *Henesh*, ¶ 5.

¶22     Similarly, in the case *sub judice*, the City long ago granted the zoning change at issue here and BSAA was built adjacent to Povsha's property.  In its First Amended Complaint filed June 18, 2002, Povsha requested that the District Court enjoin the City from implementing approval of a final plat map and from approving the subdivision, and

7

that any further proceedings be stayed. The District Court subsequently denied Povsha's request for a preliminary injunction.

¶23 Povsha could have appealed the trial court's denial of his request for injunctive relief under M. R. App. P. 1(b)(2), but he failed to do so.[1] Povsha also could have moved the District Court and then this Court to stay the zoning change and subdivision proceedings in the City and County under M. R. App. P. 7,[2] before those proceedings became final. Again, he failed to do so. If this Court cannot restore the parties to their original position, the appeal becomes moot. *Shamrock Motors,* ¶ 19 (citing *Martin Development Co. v. Keeney Const. Co.,* 216 Mont. 212, 219, 703 P.2d 143, 148 (1985)). Thus, having abdicated the two remedies which would have preserved the status quo pending this Court's final resolution of the merits of his claim on appeal, we are no longer able to grant Povsha effective relief. *Turner v. Mountain Engineering and Const., Inc.,* 276 Mont. 55, 59-60, 915 P.2d 799, 803 (1996).

¶24 Therefore, we hold that the grievance that gave rise to this case—zoning change and subdivision approval to allow the development of BSAA—has lost any practical purpose for the parties and is thus moot for the purposes of appeal.

¶25 Dismissed.

/S/ JAMES C. NELSON

---

[1] As of October 1, 2007, M. R. App. P. 1(b)(2) was superseded by M. R. App. P. 6(3)e.
[2] As of October 1, 2007, M. R. App. P. 7 was superseded by M. R. App. P. 22, which, among other things, mandates that a litigant seeking a stay in this Court first apply to and obtain an appropriate order from the District Court.

We Concur:

/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS