FILED

05/30/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0698

DA 16-0698

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 129

CITY OF DEER LODGE, ZANE COZBY,
TERRY JENNINGS and GERALD BENDER,

      Plaintiffs and Appellants,

    v.

TIM FOX, ATTORNEY GENERAL
FOR THE STATE OF MONTANA, and the
MONTANA DEPARTMENT OF JUSTICE,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DV 16-61
Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

        David C. Dalthorp, Jackson, Murdo & Grant, PC, Helena, Montana

      For Appellees:

        Timothy C. Fox, Montana Attorney General, Patrick M. Risken, Assistant
Attorney General, Helena, Montana

                    Submitted on Briefs:  March 22, 2017

                              Decided:  May 30, 2017

Filed:

                             _____
                                      Clerk

Justice Dirk M. Sandefur delivered the Opinion of the Court.

¶1 The City of Deer Lodge, its mayor, one of its City Council members, and a private citizen (collectively, "Plaintiffs") appeal from the Third Judicial District Court's judgment in favor of the Montana Department of Justice and its department head, Attorney General Tim Fox. Plaintiffs assert that the Department failed to comply with the public notice and participation requirements of Title 2, chapter 3, MCA, as triggered by its decision to close the Deer Lodge office of its Title and Registration Bureau (TRB). The dispositive question on appeal is whether Plaintiffs' claims are moot.

¶2 Due to changed circumstances that preclude this Court from affording effective relief, we hold that Plaintiffs' claims are moot. We therefore dismiss the appeal.

## BACKGROUND

¶3 Throughout the 1990s, the Deer Lodge TRB office and its staff of 65 to 70 employees distributed license plates manufactured at the Montana State Prison; processed and printed title documents; and issued placards for handicapped parking. Since 2000, the Department has been "modernizing" the TRB. To that end, the Department has reassigned many of the Deer Lodge TRB office's functions to other offices within the Motor Vehicle Division (MVD). The size of the Deer Lodge TRB office waned along with its responsibilities through attrition and reallocation of TRB positions to other offices in the MVD. On June 17, 2016, MVD Administrator Sarah Garcia met with the 35 remaining employees of the Deer Lodge TRB office and informed them that the office would be formally closed and all positions would be relocated to Helena.

2

¶4 Prior to the June 17 meeting, the Department had not formally announced its intention to close the Deer Lodge TRB office, nor had it afforded any opportunity for public input. Plaintiffs filed suit in the District Court, alleging violations of the public's rights to know and participate. Plaintiffs ultimately sought an order setting aside the Department's decision to close the TRB office. Although their complaint requested a preliminary injunction to stop the Department from closing the Deer Lodge TRB office, Plaintiffs also filed a separate motion for a preliminary injunction. The Department filed a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to M. R. Civ. P. 12(b)(6). Following a telephonic status conference with the District Court, the parties stipulated to treatment of their respective motions as cross-motions for summary judgment under M. R. Civ. P. 56.

¶5 The District Court entered judgment in favor of the Department. Plaintiffs timely appealed, but did not move to stay the District Court's judgment in either the District Court or this Court. The Department proceeded with its relocation of TRB functions to its Helena offices. As of the submission of this appeal, the Department has finished relocating TRB staff and operations to Helena.

## STANDARD OF REVIEW

¶6 On its face, the present appeal concerns the District Court's grant of a motion for summary judgment, which we review de novo. *State v. Butte-Silver Bow Cnty.*, 2009 MT 414, ¶ 17, 353 Mont. 497, 220 P.3d 1115. Mootness, however, is a threshold issue that must be resolved before addressing the underlying dispute. *Alexander v. Bozeman Motors,*

*Inc.*, 2012 MT 301, ¶ 28, 367 Mont. 401, 291 P.3d 1120. Mootness is a question of law we review de novo. *Alexander*, ¶ 20.

## DISCUSSION

¶7 *Are Plaintiffs' claims moot?*

¶8 Courts can decide only justiciable controversies—those that are "definite and concrete, touching legal relations of parties having adverse legal interests and admitting of specific relief through decree of conclusive character." *Reichert v. State*, 2012 MT 111, ¶ 53, 365 Mont. 92, 278 P.3d 455 (internal quotations omitted). Mootness is one of a handful of doctrines categorized under the broad umbrella of justiciability. *Reichert*, ¶ 54. A question is moot if the controversy at the outset of the action has ceased to exist, or if the court is unable to grant effective relief due to a change in circumstances. *Alexander*, ¶ 28. Thus, a question that was not moot when posed to a district court may be mooted on appeal by changed circumstances that prevent this Court from fashioning effective relief. *Henesh v. Bd. of Comm'rs*, 2007 MT 335, ¶ 6, 340 Mont. 239, 173 P.3d 1188 (citing *Turner v. Mt. Engr. & Constr., Inc.*, 276 Mont. 55, 63, 915 P.2d 799, 804 (1996)); *Povsha v. City of Billings*, 2007 MT 353, ¶ 23, 340 Mont. 346, 174 P.3d 515 (citing *Shamrock Motors, Inc. v. Ford Motor Co.*, 1999 MT 21, ¶ 19, 293 Mont. 188, 974 P.2d 1150). If a question presents a risk of becoming moot while pending appeal, it is incumbent upon the appellant to move to stay the judgment in either the district court or this Court pursuant to M. R. App. P. 22. *See Henesh*, ¶¶ 5-6; *Povsha*, ¶ 2.

¶9    Plaintiffs rely on *Bryan v. Yellowstone Cnty. Elem. Sch. Dist. No. 2*, 2002 MT 264, 312 Mont. 257, 60 P.3d 381, to assert that this Court can remedy the Department's alleged violation of the rights to know and participate by simply voiding the Department's decision. In *Bryan*, a school district's Board of Trustees decided to close several schools. *Bryan*, ¶ 14. The Board based its decision on a spreadsheet prepared by one of the trustees that ranked schools on a variety of metrics. *Bryan*, ¶¶ 9-10. The spreadsheet was distributed among the Board, but not to the public. *Bryan*, ¶¶ 12-14. The Board discussed the spreadsheet and its rankings at a public meeting before deciding which schools to close. *Bryan*, ¶ 14. Although concerned parents attended the meeting to provide input, they did not receive copies of the spreadsheet until the day after the Board made its decision. *Bryan*, ¶ 14. We concluded that the Board effectively violated the right to know and participate. *Bryan*, ¶¶ 39, 46.

¶10    To remedy the violation, we considered two options: voiding the Board's decision, or simply issuing a declaratory judgment and allowing the decision to stand. *Bryan*, ¶ 51. Based on the facts of the case "and its implications on future conduct," we opted to void the Board's decision pursuant to § 2-3-114, MCA, but did not require the Board to reopen the closed schools. *Bryan*, ¶¶ 52-55. Instead, we remanded the matter so the Board could provide the public an opportunity to rebut the school rankings, which may or may not have led the Board to reconsider its prior decision. *Bryan*, ¶ 55.

¶11    Unlike *Bryan*, the facts of the present case do not persuade us that the decision at issue could be undone or modified by the Department. Not only is the TRB's former office

5

space no longer under the Department's control, but the Department has finished relocating staff and reorganizing the Deer Lodge TRB office's core functions within the structure of the MVD. For the Department to unwind the nearly two-decades-long process of "modernizing" the TRB would likely necessitate a restructuring of the MVD as well. Had Plaintiffs pursued a stay of the District Court's judgment, this Court conceivably could have ordered the public notice and opportunity for participation that the Department neglected to provide. At this point, however, the change in circumstances precludes effective relief that would meaningfully remedy the Department's alleged disregard of the public notice and participation requirements of Title 2, chapter 3, MCA.

¶12     Although we decline to reach the merits of Plaintiffs' claims, we are sensitive to the risk that state agencies will hurry through decision-making in an effort to moot potentially valid public notice and participation claims. A plaintiff's lack of knowledge could conceivably support a claimed violation of the public's rights to know and participate, as enshrined in Article 2, Sections 8 and 9 of the Montana Constitution, codified at § 2-3-103(1), MCA.[1] We believe, however, that a motion to stay the judgment of a district court can adequately preserve the justiciability of these types of claims during appeal, thereby mitigating the risk of governmental abuse.

---

[1] The Attorney General has also issued an advisory opinion regarding the public's right to know of and participate in discussions, determinations, and deliberations on matters of significant public interest. 47 Op. Att'y Gen. No. 13 (1998).

**CONCLUSION**

¶13    We hold that Plaintiff's claims are now moot.  We therefore dismiss the appeal.


/S/ DIRK M. SANDEFUR


We concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA