ORIGINAL



FILED

12/19/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0638

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0638

GEOFFERY D. WALTON AND
SARAH L. WALTON, WHISTLE CREEK
PARTNERS LLC, AND LYNN T. LABRIE
AND ANN A. LABRIE

Petitioners, Counter-Defendants, and Appellees,

v.

JAMES A. MIRRO AND LORETTA MIRRO,

Respondents, Counterclaimants, and Appellants.

FILED

DEC 19 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Appellants James A. Mirro and Loretta Mirro, via counsel, move pursuant to M. R. App. P. 22(2)(a) for relief from the November 16, 2023 Order Denying Res[p]ondents' Motion to Stay and/or Suspend Order and Waive Bond Pending Appeal of the Sixth Judicial District Court, Sweet Grass County, denying their motion to stay that Court's October 23, 2023 Order Granting Plaintiffs' Renewed Application for Preliminary Injunction and Denying Respondents' Renewed Application for Preliminary Injunction, pending resolution of this appeal. Mirros argue that the District Court abused its discretion in failing to stay the Preliminary Injunction until disposition of this appeal because the injunction does not maintain the status quo but rather grants the ultimate relief sought by Appellees Geoffery D. Walton and Sarah L. Walton, Whistle Creek Partners LLC, and Lynn T. Labrie and Ann A. Labrie (collectively "Ditch Users") in this litigation.

According to findings of fact made by the District Court in its October 23, 2023 Order, Ditch Users each hold water rights as to water that is conveyed through the Ellison Ditch. The Ellison Ditch runs through Mirros' property and a headgate is located within that segment of the ditch. Ditch Users have an easement through Mirros' property for purposes of accessing and maintaining the ditch and headgate. The existing headgate,

which has been in service since the early 20th century, was damaged during flooding in 2022. Expert testimony indicated that the headgate was deteriorating rapidly and could fail at any time, potentially causing significant damage to downstream properties. Witnesses further testified that funding for headgate replacement had been secured and a contract for replacing the headgate in the fall of 2023 had been signed, but if the project was delayed, in addition to the risk of catastrophic failure of the headgate, the costs would increase and the same contractors might be unavailable.

Mirros purchased their property in 2021. While Mirros indicated a desire to work out an acceptable solution with Ditch Users, they are concerned that the current construction plan may damage their recently installed underground sprinkler system and/or their cattleguards that construction vehicles would need to traverse in order to replace the headgate.

Both Mirros and Ditch Users requested a preliminary injunction. Mirros wished to restrain Ditch Users from commencing with replacement of the headgate while Ditch Users wished to restrain Mirros from interfering with their accessing and maintaining the ditch and headgate. The District Court granted a preliminary injunction in Ditch Users' favor, having determined that the last circumstance of peaceable possession was prior to the dispute over the headgate replacement, and the status quo "was the long history of use of the ditch and headgate by the water users in a manner allowing them to beneficially use their water rights without interference." It thus restrained Mirros from interfering with Ditch Users' easement rights to access the ditch and headgate via the existing access road and driveway through Mirros' property.

In the October 23, 2023 order granting the preliminary injunction, the court further noted that the project was prepared to start in two weeks' time "and should be done while the favorable fall weather allows" because delay would prolong the risk that the headgate would fail and cause unwarranted expense.

Although Mirros then moved the court to stay its order, the District Court refused to do so. The court applied the general factors governing stays of civil judgments

2

articulated in *Hilton v. Braunskill*, 481 U.S. 770, 107 S. Ct. 2113 (1987). Those factors are: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. The court determined that each factor preponderated against Mirros.

On motion for relief, Mirros assert that the contractors began working on the headgate replacement immediately after the District Court issued its preliminary injunction. They argue that good cause for relief from the District Court's denial of the stay exists because their property will otherwise be permanently altered before this appeal can be decided on the merits. They further argue that a correct application of the *Hilton* factors would illustrate that Mirros are entitled to a stay.

In response, as well as raising substantive arguments in opposition to Mirros, Ditch Users argue inter alia that Mirros' motion to stay is moot. They assert that the contractors began work on the headgate replacement on November 6, 2023, and construction will be completed during the week of December 18, 2023. Thus, this Court would be unable to grant effective relief at this juncture. *See City of Deer Lodge v. Fox*, 2017 MT 129, ¶ 8, 387 Mont. 478, 395 P.3d 506.

M. R. App. P. 22(2)(a) provides that a motion for relief under this Rule must, among other factors, demonstrate good cause for the relief requested. M. R. App. P. 22(3) allows this Court, in the interests of justice, to grant, modify, or deny the relief requested. "Good cause" is generally defined as a legally sufficient reason and referred to as the burden placed on a litigant to show why a request should be granted. *Brookins v. Mote*, 2012 MT 283, ¶ 29, 367 Mont. 193, 292 P.3d 347 (citations omitted). In this case, Mirros moved the District Court to stay relocation of the headgate. With the headgate relocation nearly, if not entirely, complete at this time, we cannot grant effective relief from the November 16, 2023 Order Denying Res[p]ondents' Motion to Stay and/or Suspend Order and Waive

3

Bond Pending Appeal. Thus, good cause does not exist nor are the interests of justice served by overturning the decision of the District Court.

IT IS THEREFORE ORDERED that the M. R. App. P. 22(2)(a) motion of Appellants James A. Mirro and Loretta Mirro for relief from the District Court's order is DENIED.

The Clerk is directed to provide copies of this order to all counsel of record.

DATED this 19 day of December, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

4